```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

REBECCA POE,

    Movant,

v.                                   CIVIL ACTION NO. 1:11-945
                                     CRIMINAL ACTION NO. 1:10-118

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

Pending before the court is movant Rebecca Poe's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255.  Doc. Nos. 32 & 37.  For the following reasons, movant's motion is **DENIED**.

Factual and Procedural History

On October 5, 2010, movant pled guilty to a single count indictment, which charged her with aiding and abetting bank fraud in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 2. Criminal Action No. 1:10-118; Doc. Nos. 19-21.  On July 25, 2011, this court sentenced movant to a term of imprisonment of 51 months to be followed by a three-year period of supervised release.  Id.; Doc. Nos. 29-30.  On November 28, 2011 and December 16, 2011 respectively, movant filed a letter-form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody and a formal Motion Under 28 U.S.C. § 2255.  Id.; Doc. Nos. 32 & 37.  Alleging unwarranted sentence disparity and ineffective assistance of counsel, movant requests that the court reduce her sentence to comport with the sentence given to her co-defendant, Pamela Mullins.  See id.; Doc. No. 37 at 4-8, 14.  On April 29, 2013, Magistrate Judge R. Clarke VanDervort issued his Proposed Findings and Recommendation (PF&R) in this case.  Civil Action No. 1:11-cv-00945, Doc. No. 44.  Magistrate Judge VanDervort recommended denying Movant's motion.  Id. at 12.  On June 6, 2013, movant filed written objections to the PF&R.  Id., Doc. No. 48.

## Discussion

The court reviews de novo those parts of the PF&R to which a movant has specifically objected.  See Farmer v. McBride, 177 Fed. Appx. 327, 330-331 (4th Cir. 2006); see also 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Accordingly, the court is not required to review any objections that are "general and conclusory" or that do not direct the court to any specific error in the proposed findings.  See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); Norris v. South Carolina, 18 Fed. Appx. 171, 172 (4th Cir.

2

2001)(citing Opriano, 687 F.2d at 47-48); Farmer, 177 Fed. Appx. at 331 (quoting same).  With this standard in mind, movant raises two objections, one based on a sentencing disparity between movant and her co-defendant, the other based on ineffective assistance of counsel.  The court addresses each in turn.

I. Sentence Disparity

Movant argues that Magistrate Judge VanDervort incorrectly found that movant was not arbitrarily singled out for a more severe punishment.  See Civil Action No. 1:11-00945; Doc. No. 48 at 1; see also id.; Doc. No. 44 at 6 (finding, in PF&R, that movant "was not arbitrarily singled out for a more severe punishment" relative to her co-defendant).  Movant reasons that because the United States Attorney first accepted her co-defendant's plea and not her own and then offered her co-defendant a downward departure as a result, the United States Attorney arbitrarily singled her out for more severe punishment than a similarly situated co-defendant. Id.; Doc. No. 48 at 1-3.

Movant's objection fails for several reasons.  The PF&R adequately documents the dissimilarity in circumstances between movant and her co-defendant Mullins.  Movant was offered the same, original plea agreement that Mullins accepted, but declined to accept the offer in order to preserve her right to appeal.  See id., Doc. No. 32 at 1, ¶ 1.  Partially because

3

Mullins was willing to cooperate with the government and accept the original plea at an earlier stage than movant, the government filed a Motion for Substantial Assistance.  Doc. No. 27; see Criminal Action No. 1:10-120; Doc. No. 31, at 5-9; id. at 6, lns. 7-9. (informing the court that the motion for downward departure by the government was "not necessarily based upon [the government's] ability to obtain an indictment or to gather more evidence against Ms. Poe, but rather is based on [Poe's co-defendant Mullins'] willingness to plead and cooperate early.").  Regarding the government's motion, movant argues that her co-defendant did not qualify to receive a downward departure based on the motion.  However, the government's reasons supporting the motion are sufficient.  See Criminal Action No. 1:10-120; Doc. No. 31, at 5-9 (arguing the motion's merits at the sentencing of movant's co-defendant).

As noted above, the government cited movant's co-defendant's "willingness to plead and cooperate early," as well as the co-defendant's assistance in providing testimony with respect to manual checks that became "significant at [movant's] sentencing."  Id., Doc. No. 31, at 6, lns. 9 & 16.  Moreover, the record shows that information obtained from movant's co-defendant was used, among other purposes, to clarify the government's case against both defendants.  See Criminal Action No. 1:10-0120, Doc. Nos. 29, 31; Criminal Action No. 1:10-118,

4

Doc. No. 31, at 17-18.  Specifically, information from movant's co-defendant regarding manual checks provided the government with new and relevant information in both cases.  Criminal Action No. 10-120, Doc. No. 31, at 5-6.  As the PF&R accurately states, such substantial assistance is more than sufficient to provide a rational basis justifying different sentences where the government moves for, and is granted, a downward departure based on substantial assistance.  Adding to that analysis, the court would merely emphasize that "comparing the sentences of defendants who aided the government with the sentences of defendants who did not [. . .] is comparing apples and oranges." U.S. v. Perez-Pena, 453 F.3d 236, 243 (4th Cir. 2006).

  Movant also broadly argues for relief based on prosecutorial failure to make Brady disclosures and abide by the mandates of the Confrontation Clause.  See Brady v. Maryland, 373 U.S. 83 (1963).  Such arguments are not responsive to the PF&R.  Here, it is enough for us to affirm Magistrate Judge VanDervort's finding that movant's circumstances were not similar to those of Mullins.  Movant had the opportunity to accept the plea bargain at the same time her co-defendant did.  Movant declined.  Because movant's co-defendant was willing to cooperate early and to clarify issues muddied by both defendants' previous unwillingness to cooperate, the government moved for a downward departure with respect to the sentence of

5

movant's co-defendant.  The government made no much motion with respect to movant, presumably because the government did not believe movant cooperated as early or as fully as her co-defendant.  Accordingly, the downward departure, justified for the reasons above, provides a rational basis to explain the sentencing disparity between the co-defendants.  See United States v. Pierce, 409 F.3d 228, 235 (4th Cir. 2005).

II. Ineffective Assistance of Counsel

Movant's only specific objection regarding ineffective assistance of counsel is that, according to movant, her attorney failed to adequately apprise her of the provisions of the plea agreement.  Specifically, movant argues that her attorney told her she "would receive the same sentence if she took the plea or if she entered a plea of guilty without the plea acceptance."  Civil Action No. 1:11-0945, Doc. No. 48 at 3.  As Magistrate Judge VanDervort notes, however, this statement is likely true.  Movant's co-defendant received a downward departure based on her early cooperation and grand jury testimony.  Had movant similarly cooperated and pled early, "it is unlikely that either would have received a reduced sentence for substantial assistance."  Doc. No. 44 at 11.

The PF&R adequately outlines the highly deferential standard that Strickland affords trial counsel.  See Strickland v. Washington, 466 U.S. 668 (1984).  The court agrees with

Magistrate Judge VanDervort that since the plea agreement as originally offered to movant did not mention a downward departure, movant's attorney did not fall below an objective standard of reasonableness, even if he failed to predict that one benefit of taking the original plea agreement <u>might</u> be a motion for downward departure by the government.  Moreover, any failure on counsel's part to predict that the government would later refuse to allow a plea to the Information, or that the government would offer movant's co-defendant a downward departure based on substantial assistance, falls well short of the sort of attorney-based error that an ineffective counsel claim aims to redress.  Given movant's desire to maintain her avenues of appeal, counsel's recommendation not to accept the plea does not fall outside of the "wide range of reasonable professional assistance."  <u>Id.</u> at 689.

Movant's other objections appear to be based on the government's conduct and thus form no basis for a Due Process claim based on ineffective assistance of counsel.  Furthermore, any misconduct on the part of the prosecutor once again reaches far beyond the scope of the PF&R and, accordingly, need not be reviewed by this court as objections to the PF&R.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

## Conclusion

The court **OVERRULES** movant's objections, **CONFIRMS** and **ADOPTS** Magistrate Judge VanDervort's PF&R (Civil Action No. 1:11-0945, Doc. No. 44), and **DENIES** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Doc. Nos. 32 & 37.  Moreover, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and movant, pro se.

The Clerk is further directed to remove this case from the court's active docket.

**IT IS SO ORDERED** this 3rd day of July, 2013.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge