```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

UNITED STATES OF AMERICA,

v.                              CRIMINAL ACTION NO. 1:10-118

REBECCA POE

MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's "Motion to Reduce Sentence (Fed. R. Crim. P. 35(b))." Doc. No. 47. For the following reasons, defendant's motion is **DENIED**.

Background

On November 28, 2011 and December 16, 2011 respectively, defendant filed a letter-form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a formal Motion Under 28 U.S.C. § 2255. Doc Nos. 32 & 37. In both motions, defendant requested relief based on similar reasoning. Specifically, defendant alleged unwarranted sentence disparity and ineffective assistance of counsel as grounds for granting her Section 2255 motions. See Doc. No. 49 at 2. On April 29, 2013, Magistrate Judge R. Clarke VanDervort issued Proposed Findings and Recommendation (PF&R) regarding defendant's Section 2255 motions, recommending the court deny the motions and remove the case from the court's docket. See Civil Action No. 1:11-945, Doc. No. 44. On June 6, 2013, defendant filed written objections to the PF&R. Id., Doc. No.

48.  Defendant filed the instant motion on May 23, 2013, which was after Magistrate Judge VanDervort issued his PF&R but before the defendant objected to the PF&R.

## Discussion

Rule 35(b) of the Federal Rules of Criminal Procedure allows the court to reduce a defendant's sentence "[u]pon the government's motion."  See Fed. R. Cr. P. 35(b)(1), (2).  Rule 35(b) does not afford relief to defendants who assert error in their sentence.  See United States v. Early, 27 F.3d 140, 141 (5th Cir. 1994).  Rather, Rule 35(b) is a vehicle for the government to move for a reduction in a defendant's sentence, provided that defendant gave substantial assistance after sentencing.  See id. (citing historical notes from 1991 amendments to Rule 35 for support).

As noted above, Magistrate Judge VanDervort's PF&R was available to the defendant before she filed the instant motion, which essentially seeks the exact same relief as her Section 2255 motions.  Indeed, on May 13, 2013, defendant moved for more time to object to the PF&R, presumably to complete the instant motion.  In other words, defendant delayed responding to Magistrate Judge VanDervort's PF&R so she could file a motion that was neither available to her as a remedy nor helpful to the court's decision-making process as it pertained to her prayer for a sentence reduction.

2

The court has already overruled defendant's objections to Magistrate Judge VanDervort's PF&R. The court now **DENIES** defendant's motion styled as a "Motion to Reduce Sentence (Fed. R. Crim. P. 35(b))," both because that avenue for relief is not available to her as a matter of law and, even if it were, no novel arguments appear in the instant motion that would overcome the court's reasoning for ultimately denying her Section 2255 motions.

Accordingly, defendant's motion is **DENIED**. Doc. No. 47.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and movant, pro se.

**IT IS SO ORDERED** this 17th of July, 2013.

ENTER:

David A. Faber
Senior United States District Judge